## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE LAMPERT, JAMES CARSON, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>InVISION HUMAN SERVICES, a non-profit company,<br><br>Defendant. | CIVIL ACTION<br><br>No. __2:21-cv-810_____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Electronically Filed |

NOW COME Plaintiffs, George Lampert and James Carson, by their attorneys, Ernest B. Orsatti, Esquire, and Rothman Gordon, P.C., and file this action against Defendant, InVision Human Services, under the Fair Labor Standards Act, and in support thereof, aver as follows:

### I. PARTIES

1.  Plaintiff, George Lampert ("Lampert"), is an individual residing at 3000 Green Ridge Drive, Verona, Allegheny County, Pennsylvania 15147.

2.  Plaintiff, James Carson ("Carson") is an individual residing at 2634 Reiter Road, Pittsburgh, Allegheny County, Pennsylvania 15235.

3.  Defendant, InVision Human Services ("InVision"), is a non-profit company providing services to people with significant life challenges. Defendant's offices are located at 12450 Perry Highway, Wexford, Allegheny County, Pennsylvania 15090. Defendant is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act ("Act"), 29 U.S.C. § 203(d).

## II.  JURISDICTION and VENUE

4. Jurisdiction of this action is conferred upon the United States District Court by Sections 203(s)(1)(C) and 216(b) of the Act, 29 U.S.C. §§ 203(s)(1)(C) and by the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

5. This Court is the proper venue for this action under Section 16(b) of the Act, 29 U.S. 216(b) and the provisions of 29 U.S.C. § 391(b), as the actions of the Defendant complained of herein occurred within this judicial district and/or had their intended effects within this judicial district.

## III.  INTRODUCTION

6. Plaintiffs, George Lampert ("Lampert"), and James Carson ("Carson"), bring this action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs, under the provisions of Section 16(b) of the Act, 29 U.S.C. § 216(b).

7. Plaintiff Lampert was employed as a Direct Support Professional from June of 2016 until May 25, 2021 at an hourly wage beginning at $14.15 per hour and ending at $15.75 per hour.

8. Plaintiff Carson was employed as a Direct Support Professional from January of 2018 through July 18, 2018 at an overtime hourly rate of $22.00.

9. Lampert's and Carson's duties were performed in the homes of mentally challenged persons and included work shifts of 24 hours referred to as "Awake-Overnight" shifts.

10. During Lampert's and Carson's "Awake-Overnight" shifts, they were permitted to sleep but were considered to be on-call the entire 24 hour period.

11. For Lampert's and Carson's entire period of employment, they were not paid for "sleep time."

### IV.   STATEMENT OF CLAIMS

### COUNT I

**George Lampert v. InVision Human Services, 29 U.S.C. §§ 207 and 216(b)**

12. Lampert hereby incorporates by reference the averments contained in Paragraphs 1 through 11 of this Complaint as fully as though herein set forth at length.

13. Effective January 1, 2015, the United States Department of Labor implemented a new regulation, 29 C.F.R. Part 552, which made the Fair Labor Standards Act applicable to domestic services and home care services when the employees are employed by third-party agencies such as the Defendant, when the employees do not permanently reside with the customer.

14. Lampert was a non-professional, hourly employee who did not permanently reside with the customers but who worked regular overnight over 24-hour shifts with customers without uninterrupted opportunities for sleep.

15. Lampert was required to remain on-call for the duration of the time spent on the "Awake-Overnight" shifts, and could not use this time for his own purposes and was not compensated for such time.

16. Lampert's attorney sent a letter to Defendant seeking amicable resolution of this issue.  A copy of said letter is attached hereto and made a part hereof as "Exhibit 1."

17. Defendant has not responded to said letter.

18. It is necessary for Lampert to have the services of an attorney to institute and prosecute this action against Defendant on Lampert's behalf.

19. A consent form has been signed by Lampert and is attached hereto and made a part hereof as "Exhibit 2."

WHEREFORE, Plaintiff, George Lampert, respectfully prays that judgment be entered against Defendant:

(a) For those sums found to be due and owing to Plaintiff Lampert;

(b) For an amount equal to the amount owed as liquidated damages;

(c) For interest thereon;

(d) For reasonable attorney's fees;

(e) For costs of this suit; and

(f) For such other and further relief as the Court may deem proper and just.

## COUNT II

### James Carson v. InVision Human Services, 29 U.S.C. §§ 207 and 216(b)

20. Carson hereby incorporates by reference the averments contained in Paragraphs 1 through 19 of this Complaint as fully as though herein set forth at length.

21. Effective January 1, 2015, the United States Department of Labor implemented a new regulation, 29 C.F.R. Part 552, which made the Fair Labor Standards Act applicable to domestic services and home care services when the

employees are employed by third-party agencies such as the Defendant, when the employees do not permanently reside with the customer.

22. Carson was a non-professional, hourly employee who did not permanently reside with the customers but who worked regular overnight over 24-hour shifts with customers without uninterrupted opportunities for sleep.

23. Carson was required to remain on-call for the duration of the time spent on the "Awake-Overnight" shifts, and could not use this time for his own purposes and was not compensated for such time.

24. It is necessary for Carson to have the services of an attorney to institute and prosecute this action against Defendant on Carson's behalf.

25. A consent form has been signed by Carson and is attached hereto and made a part hereof as "Exhibit 3."

WHEREFORE, Plaintiff, James Carson, respectfully prays that judgment be entered against Defendant:

    (a)     For those sums found to be due and owing to Plaintiff Carson;

    (b)     For an amount equal to the amount owed as liquidated damages;

    (c)     For interest thereon;

    (d)     For reasonable attorney's fees;

    (e)     For costs of this suit; and

    (f)     For such other and further relief as the Court may deem proper and just.

Respectfully submitted,

ROTHMAN GORDON, P.C.


  /s/ Ernest B. Orsatti

Ernest B. Orsatti, Esquire
Pa. I.D. No. 19891
(412) 338-1145  (telephone)
(412) 246-1745  (facsimile)
eborsatti@rothmangordon.com

310 Grant Street – 3rd Floor
Pittsburgh, PA 15219

Attorneys for Plaintiffs

52937-1
4841-5879-5503, v. 1